**RECORD NO. 14-4547**

In The

# United States Court Of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## PHILIP MICHAEL SEBOLT,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT RICHMOND**

_____

**BRIEF OF APPELLANT**

_____

**J. Brian Donnelly
J. BRIAN DONNELLY, P.C.
621 Lynnhaven Parkway
Suite 350
Virginia Beach, VA 23452
(757) 498-3878**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

# TABLE OF CONTENTS

**PAGE:**

TABLE OF AUTHORITIES ................................................................................. iii

JURISDICTIONAL STATEMENT ....................................................................... 1

    1.    Basis for Subject Matter Jurisdiction in District Court ........................ 1

    2.    Basis for Jurisdiction in the Court of Appeals ..................................... 1

    3.    This Sentence is Appealable ................................................................. 1

STATEMENT OF THE ISSUES ........................................................................... 2

STATEMENT OF THE CASE ............................................................................... 3

    Statement of the Facts ................................................................................ 4

SUMMARY OF ARGUMENT .............................................................................. 7

ARGUMENT ......................................................................................................... 8

    I.    The district court committed procedural error by failing to
    consider a departure as required by U.S.S.G. § 5G1.1(b) .................... 8

    Standard of Review ................................................................................... 8

    Discussion ................................................................................................. 8

    II.    The district court committed substantive error by imposing a
    life sentence based on assumed future behavior ................................ 11

    Standard of Review ................................................................................. 11

    Discussion ............................................................................................... 11

CONCLUSION ................................................................................................... 13

POSITION REGARDING ORAL ARGUMENT ...................................................14

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**PAGE(S):**

**CASES:**

*Gall v. United States,*
  552 U.S. 38, 128 S. Ct. 586 (2007) ....................................................8, 11, 12

*Stinson v. United States,*
  508 U.S. 36, 113 S. Ct. 1913 (1993) .......................................................9, 10

*United States v. Banks,*
  130 F.3d 621 (4th Cir. 1997) ........................................................................9

*United States v. Dean,*
  604 F.3d 169 (4th Cir. 2010) ........................................................................9

*United States v. Diosdado-Star,*
  630 F.3d 359 (4th Cir. 2011) ......................................................................12

*United States v. Evans,*
  526 F.3d 155 (4th Cir. 2008) ......................................................................11

*United States v. Hudson,*
  272 F.3d 260 (4th Cir. 2001) ........................................................................9

*United States v. Mason,*
  284 F.3d 555 (4th Cir. 2002) ..................................................................9, 10

*United States v. Price,*
  711 F.3d 455 (4th Cir. 2013) ........................................................................9

**STATUTES:**

18 U.S.C. § 2251(d) ...............................................................................*passim*

18 U.S.C. § 2251(e) ...............................................................................*passim*

18 U.S.C. § 2252(8)(A) ...................................................................................1

18 U.S.C. § 2252A(a)(5)(B) ...................................................................1

18 U.S.C. § 2252A(b)(2).......................................................................1

18 U.S.C. § 3553(a) ........................................................................6, 12

18 U.S.C. § 3742(a) ..............................................................................1

28 U.S.C. § 1291 ...................................................................................1

**SENTENCING GUIDELINES:**

U.S.S.G. § 2G2.1......................................................................................8

U.S.S.G. § 4B1.5.........................................................................2, 3, 4, 5

U.S.S.G. § 5G1.1......................................................................................9

U.S.S.G. § 5G1.1(b)....................................................................2, 7, 8, 10

**RULE:**

Fed. R. App. P. 4(b) ...............................................................................1

## JURISDICTIONAL STATEMENT

1.      <u>Basis for Subject Matter Jurisdiction in District Court</u>

The Defendant is appealing from his sentence imposed in the United States District Court for the Eastern District of Virginia at Richmond.  Jurisdiction was conferred upon the United States District Court pursuant to 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), and 18 U.S.C. § 2252(8)(A).

2.      <u>Basis for Jurisdiction in the Court of Appeals</u>

This Honorable Court has jurisdiction over appeals from final judgment of the district court under 28 U.S.C. § 1291, 18 U.S.C. § 3742(a) and Fed. R. App. P. 4(b).

3.      <u>This Sentence is Appealable</u>

The Defendant was resentenced on July 9, 2014 of Count One of the Indictment.  Judgment was imposed on July 9, 2014.  Notice of appeal was filed on July 15, 2014.  This appeal is from a final Order.

## STATEMENT OF THE ISSUES

1.    Whether the district court committed procedural error by failing to consider a departure, as required by U.S.S.G. § 5G1.1(b)?

2.    Whether the district court committed substantive error by imposing a life sentence, based on assumed future behavior?

## STATEMENT OF THE CASE

Philip Michael Sebolt (Sebolt), was charged in a one-count Indictment with advertising child pornography, in violation of 18 U.S.C. § 2251(d).  After a bench trial, the district court found Sebolt guilty.  At sentencing, the district court increased his Criminal History Category from IV to V, finding him to be a "repeat and dangerous sex offender" pursuant to United States Sentencing Guidelines § 4B1.5, and sentenced him to life in prison.  Sebolt appealed his criminal conviction and sentence on February 1, 2013.  On appeal, Sebolt argued that the district court erred in calculating his Sentencing Guideline range.  The Court of Appeals affirmed the conviction, vacated his sentence, and remanded the matter to the district court for resentencing.  On July 9, 2014, the district court resentenced Sebolt.  At sentencing, the district court denied the government's motion for departure, denied Sebolt's request for departure, and granted the government's motion for a variance.  The court imposed a term of life, stating, in part, a need to protect the public from further crimes by Sebolt.

Judgment was entered on July 9, 2014.  Notice of appeal was filed on July 15, 2014.  The matter is now before this court on appeal of the resentencing.

3

### Statement of the Facts[1]

In March of 2012, Sebolt was charged with, between January 1, 2010 and February 19, 2010, creating a "notice or advertisement" seeking to purchase child pornography, in violation of 18 U.S.C. § 2251(d). (J.A. 9)  At the time of the charged conduct, Sebolt was an inmate at F.C.I. Petersburg serving a sentence for child pornography offenses.

The document at the heart of the prosecution is a handwritten flyer seeking, in graphic terms, pictures of nude, prepubescent children posing in various positions. The flyer offers various sums of money for the pictures depending on the pose or sexual act depicted.

At the conclusion of trial, the district court found Sebolt guilty.

At sentencing, the court increased Sebolt's Criminal History Category from IV to V, finding him to be a "repeat and dangerous sex offender" pursuant to U.S.S.G. § 4B1.5.  Sebolt's total offense level was determined to be 38, resulting in a Sentencing Guideline range of 420 months to life.[2]  Noting an intention to sentence the defendant to the high-end of his Guidelines range, the court imposed a sentence of life in prison. (J.A. 11)

---

[1] The Statement of Facts is adopted, in part, from the unpublished opinion of the United States Court of Appeals for the Fourth Circuit in the matter *United States v. Philip Michael Sebolt*, decided February 11, 2014.

[2] Sebolt faced a statutory mandatory minimum sentence of 420 because of his two prior convictions.  *See* 18 U.S.C. § 2251(e).

4

In addition to the conviction, Sebolt challenged the procedural reasonableness of his sentence. (J.A. 17)  The defendant argued and the government conceded that the district court improperly increased his Criminal History Category from IV to V after finding that he was a "repeat and dangerous sex offender" under U.S.S.G. § 4B1.5.  The appellate court found that it was error to apply enhancement and increase the defendant's Criminal History to Category V.  The defendant's sentence was vacated and the case was remanded for resentencing. (J.A. 18, 37)

According to the Presentence Report dated July 9, 2014, Sebolt's total offense level was determined to be 36 with a Criminal History Category IV.  His Sentencing Guideline range was 262 – 327 months.  However, Sebolt was subject to a restricted Guideline range pursuant to 18 U.S.C. § 2251(d) – (e), 35 years to life imprisonment. (J.A. 117)

The government asked for both a departure and a variance.  The court declined to depart upward, but indicated that a variance would be considered. (J.A. 39)

Defense counsel noted that Sebolt had 14 years remaining on a prior conviction, and that with the 35 year minimum mandatory for the reference case, he would be 82 or 83 years old when he got out, even without a variance.  Further, in all likelihood he would be civilly-committed at that point in his life, and remain on lifetime supervised release.  He would be registered as a sex offender.  Consequently,

there was no further need to protect the public or to deter future criminal conduct. (J.A. 68, 93, 94)

The court reviewed the 3553(a) factors. (J.A. 97 – 102)  The court noted that the most important factor to be considered was the need for the sentence to protect the public from further crimes by the defendant. (J.A. 102)  The court noted that Sebolt had expressed a desire to molest children when he was not in prison; specifically, a letter addressed to Christina Sykora, which stated, in part "…I cannot wait until I can have fun again, but next time in another country that is more accepting." (J.A. 100 – 101)

## SUMMARY OF THE ARGUMENT

The Presentence Report correctly determined Sebolt's total offense level, 36, with a Criminal History Category IV.  His Sentencing Guideline range was 262 – 327 months.  However, Sebolt was subject to a statutorily-restricted Guideline range of 420 months to life, pursuant 18 U.S.C. § 2251(d) – (e), because of his two prior convictions.

The district court rejected the government's motion for departure and imposed a variance based on Sebolt's assumed future conduct.  Sebolt was given the statutory maximum of life imprisonment.

Sebolt contends that the district court committed procedural error by failing to consider a departure, as required by U.S.S.G. § 5G1.1(b).

Sebolt further contends that the district court committed substantive error by imposing a life sentence based on a letter Sebolt attempted to send to another inmate at a Federal institution, in which he boasted that he would return to his criminal ways sometime in the future, after completion of his 35-year minimum sentence and the 15-year sentence he was currently serving.  Sebolt submits that it was unreasonable for the Court to assume that he would adopt a specific behavior some 50 years in the future.

# ARGUMENT

## I.    The district court committed procedural error by failing to consider a departure as required by U.S.S.G. § 5G1.1(b).

### *Standard of Review*

Sebolt challenges the procedural reasonableness of his sentence. Appellate courts review a district court's imposition of a sentence, whether within or outside a defendant's advisory guideline range, under a differential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007).

### *Discussion*

The Presentence Report correctly calculates the Sentencing Guidelines. As a first offender, Sebolt's Guideline would have been a level 27, Criminal History IV (Worksheet A). However, under a cross-reference, the base offense is raised to 32 plus 4 points because there was a minor under 12 involved in the sexual offense. The adjusted offense level would be 36. U.S.S.G. § 2G2.1. The adjusted Guidelines sentencing range would be 262 – 327 months. However, because Sebolt had two prior convictions under federal and/or state law, the statutorily-required minimum sentence would be 420 months. 18 U.S.C. § 2251(d) – (e).

Where a statutorily-required minimum sentence is greater than the maximum of the applicable Guideline range, the statutorily-required minimum sentence shall be the Guideline sentence. U.S.S.G. § 5G1.1(b). If the applicable Guideline range is less than the statutorily-required minimum sentence, the sentence required by the

Guidelines under Subsection (b) is 420 months. In accordance with the Commentary to U.S.S.G. § 5G1.1, a sentence of more than 420 months would be a Guideline *departure*.

The appellate courts are bound by the General Application Principles and the Application Notes in interpreting the Guidelines. *United States v. Price*, 711 F.3d 455, 458 (4th Cir. 2013) (citing *United States v. Hudson*, 272 F.3d 260, 263 (4th Cir. 2001); *United States v. Banks*, 130 F.3d 621, 624 (4th Cir. 1997)). That is so because even after the Guidelines were held to be advisory, they "continue to play an important role in the sentencing process." *United States v. Dean*, 604 F.3d 169, 173 (4th Cir. 2010).

Further, it is settled that "[t]he Sentencing Commission promulgates the guidelines by virtue of an express congressional delegation of authority for rulemaking," and thus, "the guidelines are the equivalent of legislative rules adopted by federal agencies." *Stinson v. United States*, 508 U.S. 36, 44-45 (1993).

And, as this Court has put it: "[t]he [Sentencing] Commission's interpretive commentary is 'akin to an agency's interpretation of its own legislative rules,'" and "is therefore entitled to substantial deference." *United States v. Mason*, 284 F.3d 555, 559 (4th Cir. 2002) (citations omitted). "As a result, Guidelines commentary that 'interprets or explains a guideline is authoritative unless it violates

9

the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.'" *Id.* (quoting *Stinson*, 508 U.S. at 38, 113 S. Ct. at 1915).

At sentencing, the Court declined to depart upward and directed counsel to address only an upward variance. Sebolt contends that the district court committed procedural error by failing to consider a departure as required by U.S.S.G. § 5G1.1(b).

## II.    The district court committed substantive error by imposing a life sentence based on assumed future behavior.

### *Standard of Review*

If the district court decides to impose a sentence outside the Guidelines' range, it must ensure that its justification supports the "degree of the variance"; thus, "a major departure should be supported by a more significant justification than a minor one." *Gall*, 128 S. Ct. at 597. *United States v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008). The Sentencing Guideline range for Sebolt was 420 months, pursuant to 18 U.S.C. § 2251(d) – (e).

### *Discussion*

The district court found that Sebolt would be a danger to the public based on a letter he wrote to an inmate at another facility. In that letter, Sebolt stated that he would resort to criminal action in the future once he was released. It should be noted that the letter in question was sent to a female inmate at another Federal institution. The letter could just as easily be viewed as an attempt to establish a relationship between two individuals, or merely a boast intended to impress another. It is too speculative to find that this letter constitutes Sebolt's actual intent 35 years in the future.[3] It should also be noted that the letter was qualified to the extent that it is

_____

[3] Actually 50 years since Sebolt is currently serving a prior sentence with approximately 15 years remaining.

implied that Sebolt would continue his actions outside of the United States, i.e., "in another country that is more accepting."

The court acknowledged that Sebolt would not receive any counseling until the latter part of his sentence, and that upon release from prison, he would be subjected to close monitoring.

If the district court decides that an outside-the-Guidelines sentence is warranted, the court must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.  A major departure would be supported by a more significant justification than a minor one. *United States v. Diosdado-Star*, 630 F.3d 359, 364-65, citing *Gall* at 50.

Sebolt contends that a sentence of life imprisonment was excessive and inconsistent with an analysis of the 18 U.S.C. 3553(a) sentencing factors.

## CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that this Honorable Court vacate the Defendant's sentence and remand this matter to the district court for a new sentencing hearing.

Respectfully submitted this 23rd day of October, 2014.


/s/ J. Brian Donnelly
J. Brian Donnelly
Attorney for Defendant-Appellant
Virginia State Bar No. 1048
621 Lynnhaven Parkway, Suite 350
Virginia Beach, Virginia 23452
(757) 498-3878
jbdatty@aol.com

## POSITION REGARDING ORAL ARGUMENT

Counsel for Appellant does not request that the Court consider granting an oral argument in this matter.

Respectfully submitted this 23rd day of October, 2014.

/s/ J. Brian Donnelly
J. Brian Donnelly
Attorney for Defendant-Appellant
Virginia State Bar No. 1048
621 Lynnhaven Parkway, Suite 350
Virginia Beach, Virginia 23452
(757) 498-3878
jbdatty@aol.com

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

> this brief contains 2,082 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

> this brief has been prepared in a proportional spaced typeface using Microsoft Word in 14 point Times New Roman.

/s/ J. Brian Donnelly
J. Brian Donnelly

*Counsel for Appellant*

Dated:  October 23, 2014

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on October 23, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Thomas K. Johnstone, IV
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA
900 East Main Street
Suite 1800
Richmond, VA  23219

*Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Ethan N. Greenberg
Ethan N. Greenberg
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street
Suite 230
Richmond, VA  23219